IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZOUHEIR S. FAKHOURI,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　Petitioner　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　: CIVIL NO. 4:09-CV-1601
　　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　: (Judge McClure)
　　　　　　　　　　　　　　　　　　　　:
MICHAEL W. HARLOW, *et al.*,　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　Respondents　　　　　　　　　　　:

## **MEMORANDUM**

March 3, 2010

Petitioner Zouheir S. Fakhouri, ("Petitioner" or "Fakhouri"), an inmate presently confined at the Mercer State Correctional Institution ("SCI-Mercer") in Mercer, Pennsylvania, initiated the above action by filing a *pro se* petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254. He challenges his 2008 conviction in the Pike County Court of Common Pleas. For the reasons set forth below, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

**I.　　BACKGROUND**

On July 23, 2008, following a jury trial in the Pike County Court of Common Pleas, Fakhouri was found guilty of two counts each of possession of a

controlled substance, possession of a controlled substance with intent to deliver, delivery of a controlled substance, and criminal use of a communication facility. (Rec. Doc. No. 7-19 at 3, 9/3/09 Pennsylvania Superior Court Memorandum Opinion.) On September 25, 2008, Fakhouri was sentenced to a term of imprisonment of two and one-half (2 ½) to five (5) years. (*Id.*)

On October 1, 2008, he filed timely post-sentence motions, which subsequently were denied by the trial court. (*Id.*) He then filed a timely appeal from his judgment of sentence to the Pennsylvania Superior Court. On appeal, he raised issues concerning an alleged pre-arrest delay and challenging the sufficiency of the evidence to sustain his conviction. (*Id.* at 3-4.) In a Memorandum Opinion dated September 3, 2009, the Pennsylvania Superior Court affirmed Fakhouri's judgment of sentence. (*Id.* at 9.) Specifically, the Superior Court determined that Fakhouri had waived his issue concerning an alleged pre-arrest delay by not presenting it in his Statement of Matters Complained of on Appeal filed pursuant to Pa. R. App. P. 1925(b). (*Id.* at 5.) The Court also determined that there was ample evidence to sustain Fakhouri's convictions. (*Id.* at 8.)

On September 18, 2009, Fakhouri filed a *pro se* Application for Reconsideration with the Pennsylvania Superior Court. (Rec. Doc. No. 7 ¶ 7, Response to Petition.) By Order dated October 1, 2009, the Application was denied

because it was filed beyond the fourteen (14) day period allowed for such motions. (*Id.* ¶ 8.)

On August 20, 2009, before the Pennsylvania Superior Court disposed of his appeal from his judgment of sentence, Fakhouri filed the instant petition. (*See* Rec. Doc. No. 1.) Fakhouri asserts claims of ineffective assistance of counsel, trial court errors, and prosecutorial misconduct. In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), on September 24, 2009, this Court issued a formal notice to Fakhouri that he either could have his petition ruled on as filed, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Rec. Doc. No. 3.)

On November 4, 2009, Fakhouri filed a document entitled "Reconsideration Motion." (Rec. Doc. No. 4.) Despite its title, the "Motion" did not request reconsideration of this Court's September 24, 2009 Order, but rather contained argument in support of Fakhouri's position that his claims should be deemed procedurally defaulted. Attached to the "Motion" was Fakhouri's Notice of Election indicating that he chose to have the petition ruled on as filed. (*See* Rec. Doc. No. 4-2 at 17-18.) In an Order dated December 18, 2009, this Court construed the document as a memorandum of law in support of the petition, and, based on the Notice of

3

Election, directed service of the petition on the Warden of SCI-Mercer, the Attorney General of the Commonwealth of Pennsylvania, and the District Attorney of Pike County. (Rec. Doc. No. 5.)

On January 8, 2010, Respondents filed a response to the petition along with supporting documents. (Rec. Doc. No. 7.) Fakhouri filed a reply on January 25, 2010.[1] (Rec. Doc. No. 8.) Accordingly, the petition is ripe for review.

## II. DISCUSSION

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle,* 502 U.S. at 67-8; *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Johnson v. Rosemeyer,* 117 F.3d 104 (3d Cir. 1997).

---

[1]Fakhouri also filed correspondence with this Court in which he claims that Respondents did not provide him with copies of the exhibits filed with the response to the petition. (Rec. Doc. No. 9.) Because we determined after reviewing the response that we would not be reaching the merits of the petition, we did not direct Respondents to provide copies of the exhibits to Petitioner.

4

Before a federal court can review the merits of a state prisoner's habeas petition, it must determine whether the petitioner has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). Moreover, the petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) (citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997)).

Fakhouri has not satisfied the exhaustion requirement. He argues that state

5

procedural rules bar him from seeking relief in state courts and that his claims therefore should be considered by this Court. (*See* Rec. Doc. No. 1 at 19; Rec. Doc. No. 4.) However, Fakhouri still has state remedies available to him. Although he filed a direct appeal from his judgment of sentence raising claims of an alleged pre-arrest delay and sufficiency of the evidence to sustain his conviction, and the Pennsylvania Superior Court affirmed the judgment on September 3, 2009, he has not yet filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.* (*See* Rec. Doc. No. 7 ¶ 10.)

Fakhouri still could raise the claims he raises in the instant petition of ineffective assistance of counsel, trial court errors, and prosecutorial misconduct in a PCRA petition. In Pennsylvania, any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final. 42 Pa. Cons. Stat. § 9545(b). A judgment becomes final either upon the conclusion of direct review or upon the expiration of the time for seeking direct review. 42 Pa. Cons. Stat. § 9545(b)(3). In this case, Fakhouri's judgment of sentence became final on October 5, 2009 when the time period for filing a Petition for Allowance of Appeal with the Pennsylvania Supreme Court expired.[2]

---

[2]"[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the
(continued...)

Consequently, he still has an opportunity until October 5, 2010 to present the grounds he raises in the instant petition to the state courts through a properly filed PCRA petition.

However, to avoid the risk that a second § 2254 petition will be barred by the expiration of the one-year statute of limitations while Fakhouri is exhausting state court remedies, we must decide whether to stay the petition rather than dismiss it. *See Crews v. Horn,* 360 F.3d 146 (3d Cir. 2004). Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a § 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in § 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period also is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In the instant case, we can dismiss the instant petition rather than stay it because, even on the strictest calculation of the limitations period, Fakhouri still has time to return to federal court after exhausting state court remedies, as his judgment of sentence just became final on October 5, 2009. Therefore, the petition will be

---

²(...continued)
Commonwealth Court sought to be reviewed." Pa. R. App. P. 1113(a).

dismissed without prejudice to Fakhouri's right to re-file upon the conclusion of state court proceedings.

                                                s/ James F. McClure, Jr.
                                                JAMES F. McCLURE, JR.
                                                United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZOUHEIR S. FAKHOURI,  :
    Petitioner  :
  : CIVIL NO. 4:09-CV-1601
  :
v.  : (Judge McClure)
MICHAEL W. HARLOW, *et al.*,  :
    Respondents  :

# O R D E R

March 3, 2010

IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED** without prejudice.

2. There is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(3).

3. The Clerk of Court is directed to **CLOSE** this case.

       s/ James F. McClure, Jr.
       JAMES F. McCLURE, JR.
       United States District Judge